**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000045**
**22-JUN-2011**
**10:42 AM**

NO. CAAP-11-0000045

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GODFREY YOUNG and TRUDY YOUNG,
Appellants-Appellants,
v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIV. NO. 09-01-1538)

ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Foley and Fujise, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the appeal that Appellants-Appellants Godfrey Young and Trudy Young have asserted from the Honorable Karl K. Sakamoto's January 10, 2011 judgment, because the January 10, 2010 judgment does not satisfy the requirements for an appealable final judgment under Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010), Rule 58 and Rule 72(k) of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in Jenkins v. Cades

_Schutte Fleming & Wright_, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

When a circuit court adjudicates an appeal from an administrative agency order, "[r]eview of any final judgment of the circuit court under this chapter shall be governed by chapter 602." HRS § 91-15 (1993). The Hawai'i Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (1993 & Supp. 2010). Under Hawai'i law, "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered _in favor of and against the appropriate parties_ pursuant to HRCP [Rule] 58[.]" _Jenkins_, 76 Hawai'i at 119, 869 P.2d at 1338 (emphasis added). HRCP Rule 72(k) similarly requires that, upon a circuit court's adjudication of an administrative appeal, "the court having jurisdiction shall enter judgment." HRCP Rule 72(k). Therefore, the separate judgment document rule under the holding in _Jenkins_ applies to a secondary appeal from a circuit court order that adjudicates an administrative appeal. _See, e.g., Raquinio v._

<u>Nakanelua</u>, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations."). When explaining the requirements for an appealable judgment under the separate document rule, the Supreme Court of Hawai'i has noted that

> [i]f we do not require a judgment that resolves <u>on its face</u> all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

<u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[W]e should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58." <u>Id.</u> "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, <u>on its face</u>, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." <u>Id.</u> (emphasis added).

Although the circuit court reduced its January 10, 2011 "Order Granting Appellee Department of Human Services' Motion for Leave to Present Additional Evidence and Remanding for New Hearing" to a separate judgment, the January 10, 2011 judgment does not expressly enter judgment in favor of and against the appropriate parties, as the holding in <u>Jenkins</u> requires for an appealable judgment. <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338. Instead, the January 10, 2011 judgment ambiguously

declares that judgment is entered, and the January 10, 2011 judgment does not refer to any parties. Although the January 10, 2011 judgment contains a statement that declares that there are no further issues remaining in this case, the Supreme Court of Hawai'i has explained that,

> [a] statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added).

Because the January 10, 2011 judgment neither (a) enters judgment in favor of and against the appropriate parties nor (b) expressly dismisses all parties' claims, the January 10, 2011 judgment does not satisfy the requirements for an appealable final judgment under HRCP Rule 58, HRCP Rule 72(k), and the holding in Jenkins. Absent an appealable final judgment, this appeal is premature and we lack jurisdiction.

Accordingly, IT IS HEREBY ORDERED that this appeal is dismissed for lack of jurisdiction.

DATED: Honolulu, Hawai'i, June 22, 2011.

Chief Judge

Associate Judge

Associate Judge

-4-